# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| TIM KELLY and SIGRID KELLY, *His Wife Per Quod*, | Civil Action No. 12-02034 (SRC) |
| Plaintiffs, |   |
| v. | **OPINION & ORDER** |
| RUBY TUESDAY RESTAURANT et al., |   |
| Defendants. |   |

**CHESLER**, District Judge

This matter is before the Court on the motion for summary judgment filed by Defendant Ruby Tuesday, Inc., ("Defendant"), pursuant to Federal Rule of Civil Procedure 56(a). [Docket Entry 29.] This motion seeks summary judgment on Counts Four and Five of the Complaint filed by Plaintiffs Tim and Sigrid Kelly (collectively, "Plaintiffs"), which are styled as claims for "nuisance" and "dangerous instrumentality," respectively. (See Compl. at 4.)[1] This is the second motion for summary judgment brought by Defendant in this case. By Order dated September 3, 2013, the Court granted Defendant's previous motion, but treated the motion as one for partial summary judgment because Defendant only briefed Plaintiffs' negligence-type claims and *per quod* claim. (See Sept. 3, 2013 Opinion, [Docket Entry 27], at 1 n.1.)

---

[1] The Court previously characterized Plaintiffs' "dangerous instrumentality" claim as one for strict liability. (See Sept. 3, 2013 Opinion [Docket Entry 27], at 1 n.1.) Defendant points out that "dangerous instrumentality" could also refer to the "attractive nuisance doctrine," a negligence concept. (See Mov. Br. at 9-10.) For the purposes of this Opinion and Order, the Court will refer to Count Five as a dangerous instrumentality claim, without taking a position as to whether such a claim is cognizable under New Jersey law or whether such a claim sounds in negligence or strict liability.

Defendant's present motion therefore seeks to wrap up the ends left loose by its previous one and obtain judgment as a matter of law on the nuisance and dangerous instrumentality claims that remain.

The Court will grant the motion. Plaintiffs, instead of presenting evidence to create issues of material fact as to the nuisance and dangerous instrumentality claims, see <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986), concede that "there are no facts" upon which they can rely to support the claims. (<u>See</u> October 21, 2013 letter [Docket Entry 30].) Considering Plaintiffs acknowledge a complete failure of proof, there is obviously "no genuine issue of material fact" and Defendant "is entitled to judgment as a matter of law" on Plaintiffs' nuisance and dangerous instrumentality claims. <u>See</u> Fed. R. Civ. P. 56(a).

Accordingly,

**IT IS** on this 1st day of November, 2013

**ORDERED** that Defendant's motion for summary judgment on Counts Four and Five of Plaintiffs' Complaint, brought pursuant to Federal Rule of Civil Procedure 56(a), be and hereby is **GRANTED**; and it is further

**ORDERED** that this case be and hereby is **CLOSED**.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge